IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE SANTOS JR., an Individual and GEMMA SANTOS, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, a New York Corporation; RECONTRUST COMPANY, N.A., a California Corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | 1: 09 - CV - 00912 - AWI - SMS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, BUT GRANTING PLAINTIFFS LEAVE TO AMEND<br><br>Document # 7 |

**FACTUAL BACKGROUND**

Felipe Santos Jr. And Gemma Santos ("Plaintiffs") brought this action on May 21, 2009, against Countrywide Home Loans Inc. and Recontrust Company ("Defendants") alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et. seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et. seq.*, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 1700 *et. seq.*, and seeking to quiet title on real property. This case arises from a mortgage transaction closed on December 21, 2005, against the property located at 12814 Montbatten Avenue, Bakersfield, CA 93313. Plaintiffs allege that Defendants unlawfully failed to provide Plaintiffs:

a. Good Faith Estimate; b. Promissory Note; c. Loan Application; d. HUD

> Brochures; e. Escrow Statements; F. Handbook on Adjustable Rate Mortgage; g. Adjustable Rate Rider(s); h. Variable Rate Disclosure; i. Business Affiliations Disclosure; j. Private Mortgage Insurance Disclosure; k. Broker's Arrangements; l. Disbursal Disclosures; m. Equal Credit Opportunity Act Disclosure; n. Fair Housing Act Disclosure; o. Privacy Disclosure; p. Patriot Act Disclosure; q. Appraisal Disclosure; r. Consumer Credit Score Disclosure; s. Hazard Insurance Disclosure; t. California Per Diem Interest Disclosure

Complaint at 5-6.  Based on these allegedly material omissions Plaintiffs request rescission of the mortgage transaction.  Defendants filed this motion to dismiss on June 15, 2009.

## LEGAL STANDARD

A. Federal Rule of Civil Procedure 12(b)(6)

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court examines whether a complaint "contain[s] sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).   In Ashcroft the Supreme Court affirmed the broad application of the "plausible" standard, announced in Twombly, for examining the sufficiency of pleadings under Federal Rule of Civil Procedure 8.  Ashcroft 129 S.Ct. at 1953 (stating that the Court's decision in Twombly was based on "[the Court's] interpretation and application of Rule 8" and continuing that "[The Court's] decision in Twombly expounded the pleading standing standard for 'all civil actions'"). In applying the Twombly standard in Ashcroft the Court outlined a two step process for analyzing a complaint. Id. at 1950-51.  First, a reviewing court identifies all legal conclusions "that are not entitled to the assumption of truth." Ashcroft 129 S.Ct. at 1949-51 (quoting Twombly, 550 U.S. at 555,  parenthetically for the proposition that the Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation").  Second, a court, "draw[ing]

on its judicial experience and common sense", must determine in the specific context of the case whether the facts, if taken as true, establish a plausible claim for relief. Id. at 1950. A Rule 12(b)(6) dismissal can be based on either the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).

B. Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires. '[T]his mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962); Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1472 (9th Cir. 1987). "In exercising its discretion . . . a court must be guided by the underlying purpose of Rule 15 - to facilitate decision on the merits rather than on the pleadings or technicalities." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir.1987) (citations omitted). "Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990). While the Court should freely give leave to amend if justice requires, the Court may deny leave to amend if the amendment would be futile or subject to dismissal. Gadda v. State Bar of Cal., 511 F.3d 933, 939 (9th Cir. 2007); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

**DISCUSSION**

I. First Claim for Relief–Rescission

Plaintiffs' first claim against Defendants alleges Defendants failed to provide accurate material disclosures in closing the December 21, 2005, mortgage transaction with Plaintiffs. Due to this alleged material failure, Plaintiffs exercised their right of rescission pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. Defendants contend that even if they did fail to make material disclosures, Plaintiffs' claim is time-barred by the three year statute of limitations period provided for in 15 U.S.C. § 1635(f) and 12 C.F.R. § 226.23. For the following reasons the court

finds Plaintiffs' claims as alleged in the complaint are time-barred, but grants leave to amend.

The mortgage transaction in question closed on December 21, 2005. Plaintiffs therefore had until December 21, 2008, to "notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. § 226.23(a)(2). On the face of the complaint, Plaintiffs do not appear to have given notice of rescission to Defendants until filing this suit on May 21, 2009. Plaintiffs rescission claim as it appears in the complaint is therefore time-barred and must be dismissed. The Court now inquires whether leave to amend is appropriate.

Plaintiffs have indicated in opposition to this motion that they provided notice to Defendants by certified mail on December 8, 2008. Plaintiffs have also provided the certified mail receipt indicating Defendants received Plaintiffs' notice of rescission letter on December 15, 2008. Defendants argue that regardless of any purported notice, Plaintiffs were required to file suit before the three year limitations period ended. In the alternative Defendants contend that Plaintiffs' purported notice of rescission is deficient.

In relevant part, 15 U.S.C. § 1635(a) states "the obligor shall have the right to rescind the transaction . . . by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his intention to do so." The applicable regulation states:

> To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

12 C.F.R. § 226.23(a)(2). Although the parties have not provided any further support in favor of their respective arguments, as this issue is potentially jurisdictional the Court expands its inquiry. See Queen of Angeles/Hollywood Presbyterian Medical Ctr. v. Shalala, 65 F.3d 1472, 1481 (9th Cir. 1995) ("[T]his Court has an obligation to address *sua sponte* whether the federal courts have subject matter jurisdiction").

The Defendants' contention that Plaintiffs' claim is barred regardless of whether notice was given is not unfounded. The Ninth Circuit panel in Miguel v. Country Funding Corp, 309

4

F.3d 1161 (9th Cir. 2002), concluded that pursuant to the Supreme Court's decision in <u>Beach v. Ocwen Federal Bank</u>, 523 U.S. 410 (1998), "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." <u>Miguel</u> 309 F.3d at 1164; <u>contra</u> <u>Doss v. Clearwater Title Co.</u>, 551 F.3d 634, 638-39 (7th Cir. 2008) ("We acknowledge that some of our sister circuits have characterized § 1635(f) as 'jurisdictional'. . . . In our view, there is nothing jurisdictional about § 1635(f)'s period of repose. . . .[I]t is merely a precondition to a substantive right to relief"). In <u>Miguel</u> the plaintiff had provided written notice of rescission to the creditor's designated agent 25 days prior to the end of the limitations period. <u>Miguel</u> 309 F.3d at 1162-63. The plaintiffs subsequently filed suit against the designated agent on the last day of the three year limitation period; however the plaintiffs later realized they had not sued their actual creditor. <u>Id.</u> As "[The Ninth Circuit] previously [has] held that section 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction," the panel of the Ninth Circuit concluded the district court lacked jurisdiction. <u>Id.</u> at 1164-65 (citing <u>King v. California</u>, 784 F.2d 910, 913 (9th Cir. 1986)). Several courts, following <u>Miguel</u>, have dismissed claims where plaintiffs did not file suit within the three year limitations period. <u>Ramos v. Citimortgage, Inc.</u>, 2009 WL 86744 at *3 (E.D. Cal 2009) (quoting <u>Miguel</u> and dismissing claim where plaintiff timely provided notice, but did not file suit within three years rendering the court "powerless to grant rescission"); <u>Caligiuri v. Columbia River Bank Mortg. Group</u>, 2007 WL 1560623 at *5 (D.Or. 2007) (quoting <u>Miguel</u> and dismissing action for failure to file claim within three years, when plaintiff was assumed to have timely sent notice of rescission); <u>see also</u> *In re* Chabot, 369 B.R. 1, 14-15 (Bankr.D.Mont. 2007).

  Other courts, including the Eleventh Circuit, in addressing TILA rescission claims have focused on timely written notice as the key to exercising a consumer's right to rescission. <u>Johnson v. Mortgage Electronic Registration Systems, Inc.</u>, 252 Fed. Appx. 293, 294 (11th Cir. 2007) (per curiam) ("A borrower can trigger rescission 'solely by notifying the creditor within set

time limits of [his or her] intent to rescind'") (quoting <u>Williams v. Homestake Mortgage. Co.</u>, 968 F.2d 1137, 1139 (11th Cir.1992)); <u>Marschner v. RJR Fin. Servs.</u>, 382 F. Supp. 2d. 918, 922 (E.D. Mich. 2005) ("To effectuate notice, Plaintiff could have simply sent Defendant a letter within the time period or even sent a copy of his complaint. Service of summons and complaint was not necessary."); <u>In re</u> Hunter, 400 B.R. 651, 661-62 (Bankr.N.D. Ill. 2009) ("[W]here the consumer timely elected to rescind the loan, § 1635(f) is not a limitation on the filing of a suit to enforce that right"); <u>Johnson v. Long Beach Mortgage Loan Trust 2001-4, et al.</u>, 451 F. Supp. 2d. 16, 40-41 (D.D.C. 2006) (holding a rescission claim was not time-barred, where plaintiff gave timely written notice, but filed suit after three year limitations period); <u>Jackson v. CIT Group/Consumer Finance, Inc.</u>, 2006 WL 3098767 at *2 (W.D. Pa. 2006) (holding a timely letter from counsel sufficient for rescission under TILA and stating "[t]he text of the statute and regulation do not constitute a statute of limitations which would require a consumer to initiate a lawsuit within the three-year period to effectuate rescission").

The Supreme Court in <u>Ocwen Federal Bank</u>, the case the <u>Miguel</u> court relied on in concluded §1635(f) is a statute of repose, specifically states that "**subsection [1635(f)] says nothing in terms of bringing an action** but instead provides that the 'right of rescission under the Act shall expire' at the end of the time period." <u>Ocwen Federal Bank</u>, 523 U.S. at 417 (emphasis added and additions in original omitted). Section 1635 clearly states that a consumer, in order exercise their right of rescission under TILA, need only notify the creditor, "in accordance with regulations of the [Federal Reserve] Board, of his intention to do so." 15 U.S.C. § 1635(a). The Federal Reserve Board's regulations state plainly that "[t]o exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. § 226.23. The regulation does not state or even refer to filing a suit in federal court. Once a consumer exercises their right to rescission by providing timely written notice in accordance with the requirements of 12 C.F.R. § 226.23, the creditor has twenty days to respond. <u>See</u> 15 U.S.C. § 1635(b). The First Circuit and some district courts

have held that failure to respond to the notice of rescission in compliance with 15 U.S.C. § 1635(b) triggers the general one year statute of limitations for violations under TILA.[1]  See 15 U.S.C. §§ 1635(g), 1640(e);  Palmer v. Champion Mortgage, 465 F.3d 24, 27 (1st Cir. 2006) ("If a creditor does not respond to a rescission request within twenty days, the debtor may file suit in federal court to enforce the rescission right"); Hunter, 400 B.R. at 662; Johnson, 451 F. Supp. 2d. at 39-41.

Moreover, despite the Miguel court's broad language to the contrary, the court in Miguel explicitly accepts this construction of rescission under TILA.  Immediately following the Miguel court's strong language barring TILA suits filed after the three year statute of repose, the court states:

> Miguel argues that she should have been allotted an additional year in which to file suit after the expiration of the three-year period afforded by the statute.  While Miguel is correct that 15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit, that is not the issue before us.  Rather, the issue is whether her cancellation was effective even though it was not received by the Bank-the creditor-within the three-year statute of repose.

Miguel 309 F.3d at 1165.  This language has led some courts to cite Miguel for the proposition that hold plaintiffs have an additional year in which to file suit if creditors fail to properly respond to a consumers notice of rescission.  Horton v. California Credit Corp. Retirement Plan, 2009 WL 700223 at *5 (S.D. Cal. 2009); Madura v. Countrywide Home Loans, Inc., 2008 WL 2856813 at *13 (M.D. Fla. 2008) (recognizing courts are split on whether a suit must be filed within three years and citing Miguel for allowing suits brought after the three year limitations period).

The question before the Ninth Circuit in Miguel was not whether a plaintiff who had timely given notice could file suit outside the three year limitations period, but rather whether a

---

[1] The court notes that the First Circuit and other cited district courts appear to be borrowing the one year statute of limitations for monetary damages arising from a creditors refusal to properly respond within 20 days to a consumers notice of rescission.  See 15 U.S.C. §§ 1635(g), 1640(e).

7

plaintiff who had not timely given notice to the correct Defendant could substitute said Defendant outside the three year limitations period.  <u>Miguel</u> is therefore not controlling on the issue before the court.  The court finds that if Plaintiff–the borrower–had provided notice prior to the end of the limitations period on December 21, 2008, and Defendant–the creditor– did not properly respond to that notice, Plaintiff could file suit after the end of the three year period of repose but within the one year limitations period borrowed from Section 1640.  As the alleged notice of rescission is not currently before the court, the court cannot resolve whether the notice was effective and therefore whether amendment would be futile.  From the face of the pleadings, leave to amend would not be futile and is therefore granted.

<u>II. Second Claim for Relief– Damages Under TILA</u>

Plaintiffs request statutory damages for Defendant's alleged failure to comply with all necessary disclosure provisions of TILA.  Defendants contend that Plaintiffs' request for damages arising out of the original loan transaction are time-barred by 15 U.S.C. § 1640(e), which states "[a]ny action under this section may be brought in any United States district court. . . within one year from the date of the occurrence of the violation."  Plaintiffs appear to concede that their claims are time-barred, but cite the court to <u>King</u> for the proposition that the general TILA statute of limitations is subject to equitable tolling.  The court construes this as a request for equitable tolling.  However Plaintiffs have not alleged or indicated any facts which would entitle Plaintiffs to equitable tolling.  Although the limitations period for damages arising from the original loan transaction ended on December 21, 2006, it is not clear that leave would be futile.   Plaintiffs' second claim for relief is therefore dismissed as time-barred, but the court grants Plaintiffs leave to amend.

<u>III.  Third Claim for Relief–FDCPA</u>

"To be liable for a violation of the FDCPA or the RFDCPA, the defendant must - as a threshold requirement - be a "debt collector" within the meaning of the Acts."  <u>Putkkuri v. Recontrust Co.</u>, 2009 U.S. Dist. LEXIS 32 at 7 (S.D. Cal. Jan. 5, 2009).  The parties disagree

whether Defendant is a debt collector within the meaning of the FDCPA.  A "debt collector" as defined by the FDCPA "specifically excludes creditors and mortgage servicers. 15 U.S.C. § 1692a(6)(F)." Pineda v. Saxon Mortg. Servs., 2008 WL 5187813 at *3 (C.D. Cal. Dec. 10, 2008).  "In Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), the Fifth Circuit noted that the 'legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'" Pineda, 2008 WL 5187813 at *3.  Creditors and mortgage services, such as Defendants have been specifically held not to be liable under the FDCPA.  See Ines v. Countrywide Home Loans, Inc., 2008 WL 2795875, at *3 (S.D. Cal. Jul.18, 2008) ("[L]enders and mortgage companies are not "debt collectors" within the meaning of the FDCPA"); Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906 at *7 (S.D. Cal. Oct. 30, 2008) ("Countrywide is not a 'debt collector' as defined under the FDCPA.").

Plaintiffs contends that Defendants are liable under the FDCPA because "Defendants are within the exception found in 15 U.S.C. § 1692a(6)(F)(iii) since it concerns collection of debt of the plaintiffs already in default."  Defendants correctly state that Plaintiffs have "ignored the word 'another' in the statute."  Section 1692a(6)(F)(iii) states:  "The term [debt collector] does not include – any person collecting or attempting to collect any debt owed or due or asserted to be owed or due **another** to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(f)(iii) (emphasis added); Tina, 2008 WL 4790906 at *7, n.2 ("The federal FDCPA defines "debt collector" as one who collects consumer debts owed to another").

Plaintiffs do not appear to allege directly that Defendants were assignees of Plaintiffs loan.  If Defendants were not assignees, then section 1692a(6)(F)(iii) does not apply to Defendants, as the loan would not have been in default at the time Defendants acquired it. Plaintiffs' representations to the court in their opposition appear to indicate that Defendants are

9

not assignees of Plaintiffs' loan.  Plaintiffs state that "Defendants are the lender and servicer of Plaintiffs' loan at the time they were in default."  Opp. to Mtn to Dismiss at 4.  As lender and loan servicer Defendants are not liable under the FDCPA, because they are not debt collectors.  Plaintiffs' have not indicated any valid exception in the FDCPA, under which Defendants are liable.  Plaintiffs' third cause of action is therefore dismissed, but with leave to amend as it is not clear amendment would be futile.

IV. Fourth Claim for Relief–UCL

Plaintiff alleges Defendants' acts and practices constitute "unlawful" acts or practices under the California UCL in that Defendants violated the provisions of TILA, Reg. Z (referred to in this opinion by its regulatory designation "12 C.F.R. § 226.23") , and the FDCPA.  Complaint at 10.  Plaintiffs have not opposed Defendants' motion to dismiss this claim in their opposition.  Defendant argues that Plaintiffs failure to state any underlying claim is fatal to Plaintiffs' UCL claim.  Mtn. to Dismiss at v.

"By proscribing any unlawful business practice, [the UCL] borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999) (internal quotation marks omitted).  "California law provides a four-year limitations period for UCL claims. Cortez v. Purolator Air Filtration Prods. Co., 23 Cal.4th 163, 178-79 (2000).  This contrasts with the one- and three-year limitations periods applicable to TILA claims for damages and rescission, respectively."  Plascencia v. Lending 1st Mortg., 583 F.Supp.2d 1090, 1099 (N.D. Cal. 2008).  The Ninth Circuit has held that the UCL cannot be used to remedy violations of a time-barred TILA claim. Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1007 n.3 (9th Cir. 2008) ("It is also clear that Appellants seek to take advantage of the longer statute of limitations under UCL to remedy TILA violations, because without the extended limitations period their claims would be barred . . . .  An attempt by Appellants to go outside the congressionally enacted limitation period of TILA is an attempt to enforce a state regulation in an

area expressly preempted by federal law.")

Plaintiffs' UCL claim is dismissed, without leave to amend, to the extent the claim relies on Defendants' alleged violation of the FDCPA. Plaintiffs' UCL claims that rely on Defendants' alleged violations of TILA are dismissed, as the claims upon which Plaintiffs' UCL claim relies have not been sufficiently plead. The court however grants leave to amend as to Plaintiffs' UCL claims, that rely upon violations under TILA as it is not clear whether amendment would be futile.

V. Fifth Claim for Relief–Quiet Title

Defendants argue that Plaintiff's claim for quiet title must be dismissed for failing to comply fully with the six requirements of California Civil Procedure Code § 761.020. Specifically Defendants contend that Plaintiffs have not verified their complaint in compliance with the first sentence of Section 761.020. Plaintiffs argue that they have "substantialy [sic] complied with the requirements of quieting of title[.]" The first sentence of Section 761.020 states: "The complaint shall be verified and shall include all of the following" Cal. Civ. Proc. Code § 761.020. "[T]o assert a quiet title claim, the Complaint must be verified." Singh v. Wells Fargo Bank, N.A., 2009 WL 2365881 at *6 (N.D. Cal. Jul. 30, 2009) (dismissing quiet title claim with leave to amend). Plaintiffs' claim for quiet title is therefore dismissed, but with leave to amend.

**CONCLUSION AND ORDER**

Accordingly the court ORDERS that, Defendants' motion to dismiss is, hereby, GRANTED as to all of Plaintiffs' claims. The court GRANTS Plaintiffs leave to amend their entire complaint, within 20 days of service of this order, in accord with the analysis contained in this order and Plaintiffs' Federal Rule of Civil Procedure 11 obligations.

IT IS SO ORDERED.

**Dated:   August 14, 2009**               /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE